JOHN T. G. DINSMORE *vs.* LEVERETT BRADLEY.

A debt due to a citizen of another state, and not expressly payable here, is not barred by
a certificate of discharge under the insolvent laws of this state.

ACTION OF CONTRACT for goods sold and delivered, part in
New Hampshire and part in Massachusetts, under a contract
made in Massachusetts, but without any stipulation as to the
place of payment; the plaintiff being then and ever since a
citizen of and resident in New Hampshire. Answer, a certi-
ficate of discharge obtained under the insolvent laws of this
commonwealth, upon proceedings in insolvency in which the
plaintiff did not prove his claim. The parties submitted the
case upon these facts to the decision of the court.

*R. Cross,* for the defendant, was first called upon, and cited
*Savoye* v. *Marsh,* 10 Met. 594; *Fiske* v. *Foster,* 10 Met. 597;
*Brigham* v. *Henderson,* 1 Cush. 430; *Ilsley* v. *Merriam,* 7 Cush.
242; *Scribner* v. *Fisher,* 2 Gray, 242.

*D. Saunders, Jr.* for the plaintiff, was stopped by the court.

BY THE COURT. It has been settled by repeated decisions of
this court that a debt due to a creditor residing in another state,
with no express stipulation as to the place of payment, is not
barred by a certificate of discharge under the insolvent laws of
this commonwealth. *Savoye* v. *Marsh,* 10 Met. 594. *Woodbridge*
v. *Allen,* 12 Met. 470. *Ilsley* v. *Merriam,* 7 Cush. 242. *Clark* v.
*Hatch,* 7 Cush. 455. *Judgment for the plaintiff.*